UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT   FILED

Grand Jury N-11-2   2012 AUG 7 AM 11 35

U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 3:12CR93(VLB) |
| DEAN DEPRETA, <br>   a.k.a. "The Kid," <br>   a.k.a. "The Guy," <br>   a.k.a. "Little Baldy," <br> RICHARD UVA, <br>   a.k.a. "Big Baldy," <br> THOMAS UVA IV, <br>   a.k.a. "Little T," <br> DOUGLAS CORBIN, <br>   a.k.a. "Chubby," <br>   a.k.a. "Fat Doug," <br> JOSEPH BOREA, <br>   a.k.a. "Pizza Joe," <br> JOHN LIQUORI, <br> MICHAEL VITTI, <br>   a.k.a. "Peewee," <br> SILVERIO CALIFANO, <br>   a.k.a. "Sil," <br> DOMENICO MANCHISI, <br>   a.k.a. "Dom," <br> GEORGE NORBOE, <br>   a.k.a. "Biker George," <br> CRAIG CAFFRO, <br>   a.k.a. "Spanky," <br> DANIEL DEGRUTTOLA, <br>   a.k.a. "Dannyboy," <br> FRANK POTOLICCHIO, JR., <br> VICTOR AMERENO, <br> JOHN COLELLO, <br> MITCHELL ENGELSON, <br> ANTHONY SANTORO, <br>   a.k.a. "Skinny," <br> SALVATORE FERRAIOLI, and <br> ANGELO ANTOLINO. | VIOLATIONS: <br><br> 18 U.S.C. § 1962(d) [Racketeer Influenced and Corrupt Organizations "RICO" Conspiracy] <br> 18 U.S.C. §§ 1955 & 2 [Operation of Illegal Gambling Businesses] <br> 18 U.S.C. §§ 1952 & 2 [Interstate Travel in Aid of Racketeering] <br> 18 U.S.C. §§ 1956 & 2 [Money Laundering] <br> 18 U.S.C. § 1084 [Transmission of Wagering Information] <br> 18 U.S.C. §§ 981, 982, 1963 [Forfeiture] |

<u>SUPERSEDING INDICTMENT</u>

The Grand Jury charges that:

## COUNT ONE
(18 U.S.C. Section 1962(d))

1. At all times relevant to this Superseding Indictment, in the District of Connecticut and elsewhere, the defendants

>  DEAN DEPRETA,
>  a.k.a. "The Kid,"
>  a.k.a. "The Guy,"
>  a.k.a. "Little Baldy,"
>  RICHARD UVA,
>  a.k.a. "Big Baldy,"
>  THOMAS UVA IV,
>  a.k.a. "Little T,"
>  DOUGLAS CORBIN,
>  a.k.a. "Chubby,"
>  a.k.a. "Fat Doug,"
>  JOSEPH BOREA,
>  a.k.a. "Pizza Joe," and
>  JOHN LIQUORI,

and others known and unknown to the Grand Jury, were associates of the Gambino Family of La Cosa Nostra ("Gambino Crime Family"). The Gambino Crime Family was a criminal organization whose members and associates engaged in crimes, including illegal gambling, extortion, money laundering, and other crimes.

2. The Gambino Crime Family, including its leadership, membership, and associates, constituted an "Enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The Enterprise was engaged in, and its activities affected, interstate and foreign commerce. The Gambino Crime Family was an organized criminal group based in the District of Connecticut and elsewhere. The Enterprise

constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

### The Structure and Purposes of the Enterprise

3. It was part of the conspiracy that the Enterprise was structured in the following manner, had the following purposes, and the defendants and other persons associated with and employed by the Enterprise functioned in the following roles:

    a. The Enterprise belonged to a secret criminal organization known by various names, including "La Cosa Nostra" and "The Mafia," which operated throughout the United States through entities known as "Families," and which was ruled by a national level "Commission" composed of the heads or "Bosses" of the most powerful Families.

    b. The Enterprise was the Gambino Crime Family of La Cosa Nostra, which is headquartered in New York City and operates in Connecticut, New York, and elsewhere throughout the United States.

    c. The Enterprise existed and acted in conformity with the rules of La Cosa Nostra.

    d. The Gambino Crime Family was structured as follows. The Family was headed by the "Boss"; the second in command was an "Underboss"; and below the Underboss were a number of "Capos" or "Capo Regimes," who acted as lieutenants or captains in the organization. A number of men known as "Soldiers," who were "made members" of the Family, were assigned to each "Regime" or "crew." A "Consigliere" or counselor acted as the advisor to the Family. In addition, the Family would associate with "earners" and others who, although not members, performed necessary and helpful roles in the Enterprise.

e. The Gambino Crime Family takes its name from Carlo Gambino, who was a former Boss of the Family. DEAN DEPRETA, RICHARD UVA, THOMAS UVA IV, DOUGLAS CORBIN, JOSEPH BOREA, and JOHN LIQUORI, while not made members of the Gambino Crime Family, were associates of the Enterprise headquartered in Stamford, Connecticut, and operating throughout Fairfield County, Connecticut, and into New York. DEAN DEPRETA reported to a Gambino Solider who oversaw the Family's activities in Connecticut.

f. The Gambino Crime Family has operated in Fairfield County, Connecticut, since at least the early 1980s under the direction of different Gambino Crime Family members or associates who reported to Gambino Crime Family members in New York. The line of those in charge of the Gambino Crime Family's interests in Connecticut has included Gambino Capo Frank "Cigars" Piccolo, Soldier Thomas "The Enforcer" DeBrizzi, Underboss Anthony "Tony" Megale, and associate Joseph "Davy Crockett" Fusaro.

g. The principal purpose of the Enterprise was to obtain money for its members and associates through criminal activities. Within the Gambino Crime Family, an obligation existed for the money from the criminal activities to be transferred upward through the structure of the Family. The members and associates of the Enterprise shared in the illegal profits of the criminal activity of others and were, in turn, responsible for sharing these illegal profits with their superiors in the Enterprise.

h. The Enterprise acted with the purpose of controlling, supervising, financing, and otherwise participating in and deriving income from illegal operations, including illegal gambling businesses, collections of unlawful debt, and extortion.

      i. The Enterprise acted with the purpose to perpetuate its existence by selecting new leaders and by "making" new members. From time to time, the Gambino Crime Family proposes a list of associates to be "made," that is, to become members of the Gambino Crime Family. Upon becoming "made," each member takes an oath of "omerta," vowing never to reveal any information about the Gambino Crime Family, its members, or its associates.

      j. The Enterprise also acted with the purpose of keeping persons outside the Enterprise in fear of the Enterprise by identifying the Enterprise with organized crime and with violence.

      k. The Enterprise acted with the purpose to prevent law enforcement from identifying its members and associates, its illegal activities, and the proceeds of those activities, and to prevent the apprehension and conviction of its members and associates for those activities.

<u>The Racketeering Conspiracy</u>

4. From in or about January 2008 to May 2012, the exact dates unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants

> DEAN DEPRETA,
> RICHARD UVA,
> THOMAS UVA IV,
> DOUGLAS CORBIN,
> JOSEPH BOREA, and
> JOHN LIQUORI,

being persons employed by and associated with the Gambino Crime Family, and others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree together with each other and with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and

participate, directly and indirectly, in the conduct of the affairs of the Gambino Crime Family Enterprise, which was engaged in and the activities of which affected interstate commerce, through the collection of unlawful debt as set forth in paragraph 5 below, and through a pattern of racketeering activity as set forth in paragraph 6 below.

5. The collection of unlawful debt, as that term is defined in Title 18, United States Code, Section 1961(6), through which the defendants and their coconspirators agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, consisted of the collection of unlawful gambling debts, that is, debts incurred and contracted in gambling activity that was in violation of the law of the United States and the law of the State of Connecticut and which were incurred in connection with the business of gambling in violation of the law of the United States and the law of the State of Connecticut. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least one collection of an unlawful debt in the conduct of the affairs of the Enterprise.

6. The pattern of racketeering activity, as that term is defined by Sections 1961(1) and 1961(5), through which the defendants and their coconspirators agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, consisted of multiple acts indictable under:

    a. Title 18, United States Code, Section 1084 (relating to the transmission of wagering information);

    b. Title 18, United States Code, Section 1952 (relating to interstate travel and the use of interstate facilities in aid of racketeering);

   c. Title 18, United States Code, Section 1955 (relating to the operation of illegal gambling businesses);

   d. Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments);

  and multiple acts involving:

   e. Extortion, chargeable under Connecticut General Statutes Sections 53a-122 and 53a-119(5) (larceny by extortion), and 53-392(a) (use of extortionate means to collect or attempt to collect any extension of credit).

  7. It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

Manner and Means of the Enterprise

  8. Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

   a. Members of the Enterprise and their associates operated a large-scale sports bookmaking operation in which gamblers placed bets with offshore Internet sports-gambling websites, particularly www.44wager.com based in Costa Rica. Members of the Enterprise and their associates used wire communication facilities, including computers with Internet access and cellular telephones, to place bets and manage their sports-gambling accounts on the www.44wager.com website, and to contact www.44wager.com customer service representatives based in Costa Rica.

   b. Members of the Enterprise and their associates collected and disbursed, in person, funds to and from bettors, and transferred a portion of the proceeds to DEAN DEPRETA

and RICHARD UVA. In running this sports bookmaking operation, members of the Enterprise and their associates traveled in interstate commerce, and sent Western Union money orders from Connecticut to Florida via Fed Ex, to pay defendant Craig Caffro, who is not charged as a defendant in this count, for the Enterprise's use of the www.44wager.com website.

    c. In running the lucrative sports bookmaking operation and to control their competition, members of the Enterprise and their associates collected tribute payments from individuals who ran their own independent sports-gambling operations in Fairfield County, Connecticut. These payments permitted these individuals to operate their independent sports-gambling operations in territory controlled by the Gambino Crime Family.

    d. Members of the Enterprise and their associates operated three card gambling clubs at 514 Glenbrook Road, Stamford, Connecticut; 859 East Main Street, Stamford, Connecticut; and 2965 State Street, Hamden, Connecticut. A portion of the profits from these card gambling clubs was transferred to DEAN DEPRETA and RICHARD UVA.

  All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
(18 U.S.C. Sections 1955 and 2)

9. From in or about January 2008 to May 2012, the exact dates unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants

      DEAN DEPRETA,
      RICHARD UVA,
      THOMAS UVA IV,
      DOUGLAS CORBIN,
      JOSEPH BOREA,
      MICHAEL VITTI,
      SILVERIO CALIFANO,

>                JOHN LIQUORI,
>                DOMENICO MANCHISI,
>                CRAIG CAFFRO,
>                DANIEL DEGRUTTOLA,
>                FRANK POTOLICCHIO, JR.,
>                VICTOR AMERENO,
>                JOHN COLELLO,
>                MITCHELL ENGELSON,
>                ANTHONY SANTORO,
>                SALVATORE FERRAIOLI, and
>                ANGELO ANTOLINO,

together with Michael Pepe, who is not a defendant, and others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, that is, a sports bookmaking operation, in violation of the laws of the State of Connecticut, including Sections 53-278b(a), 53-278b(b), 53-278c(f), 53-278d(a), and 53-278e(d) of the Connecticut General Statutes, which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT THREE
(18 U.S.C. Sections 1955 and 2)

10. From in or about January 2008 to December 2011, the exact dates unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants

>DEAN DEPRETA,
>RICHARD UVA,
>THOMAS UVA IV, and
>DOUGLAS CORBIN,

together with others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, that is, card games conducted at 514 Glenbrook Road, Stamford, Connecticut, in violation of the laws of the State of Connecticut, including Sections 53-278b(a), 53-278b(b), 53-278c(d), 53-278c(f), 53-278d(a), and 53-278e(d) of the Connecticut General Statutes, which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT FOUR
(18 U.S.C. Sections 1955 and 2)

11. From in or about January 2008 to December 2011, the exact dates unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants

>DEAN DEPRETA,
>RICHARD UVA, and
>SILVERIO CALIFANO,

together with others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, that is, card games conducted at 859 East Main Street, Stamford, Connecticut, in violation of the laws of the State of Connecticut, including Sections 53-278b(a), 53-278b(b), 53-278c(d), 53-278c(f), 53-278d(a), and 53-278e(d) of the Connecticut General Statutes, which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT FIVE
(18 U.S.C. Sections 1955 and 2)

12. From in or about January 2008 to December 2011, the exact dates unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants

> DEAN DEPRETA,
> RICHARD UVA,
> JOHN LIQUORI, and
> GEORGE NORBOE,

together with Michael Pepe, who is not a defendant, and others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, that is, card games conducted at 2965 State Street, Hamden, Connecticut, in violation of the laws of the State of Connecticut, including Sections 53-278b(a), 53-278b(b), 53-278c(d), 53-278c(f), 53-278d(a), and 53-278e(d) of the

Connecticut General Statutes, which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said business and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000 in any single day.

In violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT SIX
(18 U.S.C. Sections 1952 and 2)

13. In or about January 2011, the exact dates unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant RICHARD UVA did willfully and knowingly travel and cause travel to occur in interstate commerce between the State of Connecticut, and the Commonwealth of Pennsylvania, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, and carrying on of unlawful activity, said unlawful activity involving a business enterprise involving gambling in violation of Title 18, United States Code, Section 1955, and thereafter did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

In violation of Title 18, United States Code, Sections 1952 and 2.

## COUNT SEVEN
(18 U.S.C. Sections 1952 and 2)

14. In February 2011, the exact dates unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant DEAN DEPRETA did willfully and knowingly travel and cause travel to occur in interstate commerce between the State of Connecticut, and the State

of Florida, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, and carrying on of unlawful activity, said unlawful activity involving a business enterprise involving gambling in violation of Title 18, United States Code, Section 1955, and thereafter did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

In violation of Title 18, United States Code, Sections 1952 and 2.

## COUNT EIGHT
(18 U.S.C. Sections 1952 and 2)

15.     On or about March 15, 2011, in the District of Connecticut and elsewhere, the defendants

RICHARD UVA and
THOMAS UVA IV,

did willfully and knowingly travel and cause travel to occur in interstate commerce between the State of Connecticut, and the State of New Jersey, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, and carrying on of unlawful activity, said unlawful activity involving a business enterprise involving gambling in violation of Title 18, United States Code, Section 1955, and thereafter did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

In violation of Title 18, United States Code, Sections 1952 and 2.

## COUNT NINE
(18 U.S.C. Sections 1952 and 2)

16. On or about April 18, 2011, in the District of Connecticut and elsewhere, the defendants

> RICHARD UVA and
> THOMAS UVA IV,

did willfully and knowingly travel and cause travel to occur in interstate commerce between the State of Connecticut, and the State of New Jersey, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, and carrying on of unlawful activity, said unlawful activity involving a business enterprise involving gambling in violation of Title 18, United States Code, Section 1955, and thereafter did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

In violation of Title 18, United States Code, Sections 1952 and 2.

## COUNT TEN
(18 U.S.C. Sections 1956(a)(1)(B)(i) and 2)

17. On or about April 18, 2011, in the District of Connecticut and elsewhere, the defendants

> RICHARD UVA,
> THOMAS UVA IV, and
> CRAIG CAFFRO,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, a cash deposit of $8,000 into the checking account of R.V., an individual whose identity is known to the Grand Jury, at Sovereign Bank in Livingston, New

Jersey, that was immediately transferred by wire to a Bank of America account controlled by an associate of CRAIG CAFFRO, which involved the proceeds of a specified unlawful activity, that is, the proceeds of an illegal sports bookmaking operation, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, source, and ownership of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### FORFEITURE RELATING TO COUNT ONE UNDER TITLE 18, UNITED STATES CODE, SECTION 1963

18. The allegations contained in Count One of this Superseding Indictment are hereby realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963 and Title 28, United States Code, Section 2461(c). Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Count One of this Superseding Indictment.

19. Defendants DEAN DEPRETA, RICHARD UVA, THOMAS UVA IV, DOUGLAS CORBIN, JOSEPH BOREA, and JOHN LIQUORI

      (a) have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

      (b) have an interest in, security of, claims against, and property and contractual rights which afford a source of influence over the Enterprise named and described herein which defendants established, operated, controlled, conducted and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

      (c) have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1963(a)(3).

20. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), include but are not limited to at least $1,692,564 and all interests and proceeds traceable thereto, including but not limited to the following assets:

      (a) Approximately $174,537 in United States currency, seized pursuant to a federal search warrant on or about April 28, 2011, from the residence of Richard Uva, located at 12 Arlington Road, Unit 4, Stamford, Connecticut.

21. If any of the property described in paragraph 20 above as a result of any act or omission of any defendant:

      (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred, sold to, or deposited with a third party;

      (c) has been placed beyond the jurisdiction of the court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of any property described in paragraph 20 above.

      22. The defendants named above in Count One, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

      All pursuant to Title 18, United States Code, Section 1963.

### FORFEITURE ALLEGATION RELATING TO COUNTS TWO THROUGH NINE UNDER 28 U.S.C. SECTION 2461(c) & 18 U.S.C. SECTION 981(a)

      23. Upon conviction of one or more of the illegal-gambling-business and/or interstate-travel-in-aid-of-racketeering violations alleged in Count Two through Nine of this Superseding Indictment, Defendants DEAN DEPRETA, RICHARD UVA, THOMAS UVA IV, DOUGLAS CORBIN, JOSEPH BOREA, JOHN LIQUORI, MICHAEL VITTI, SILVERIO CALIFANO, CRAIG CAFFRO, DOMENICO MANCHISI, GEORGE NORBOE, DANIEL DEGRUTTOLA, FRANK POTOLICCHIO, JR., VICTOR AMERENO, JOHN COLELLO, MITCHELL ENGELSON, ANTHONY SANTORO, SALVATORE FERRAIOLI, and ANGELO ANTOLINO shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and

interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1955, 1952, and 2, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1), as incorporated by Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

### FORFEITURE ALLEGATION RELATING TO COUNT TEN UNDER 18 U.S.C. SECTION 982(a)

24. Upon conviction of the money-laundering offense alleged in Count Ten of this Superseding Indictment, Defendants RICHARD UVA, THOMAS UVA IV, and CRAIG CAFFRO shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in any and all money and other property involved in each offense in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2, and all

property traceable to such property, and a sum of money equal to the total amount of money involved in each offense for which the defendant is convicted.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
GRAND JURY FOREPERSON

UNITED STATES OF AMERICA

MICHAEL J. GUSTAFSON
ATTORNEY FOR THE UNITED STATES
ACTING UNDER AUTHORITY CONFERRED
BY 28 U.S.C. SECTION 515

HAROLD H. CHEN
ASSISTANT UNITED STATES ATTORNEY

PETER S. JONGBLOED
ASSISTANT UNITED STATES ATTORNEY